UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMAL QUINCE,[1]

              Plaintiff,

   - against -

RIKERS ISLAND CORRECTIONAL FACILITY,
C-95 AMKC,

              Defendant.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-3949 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Jamal Quince brings this action arising out of his incarceration at Riker's Island. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order. For the reasons that follow, the complaint is dismissed, with leave to replead within 30 days as set forth below.

## BACKGROUND

Quince alleges that he was arraigned and remanded to the custody of the New York City Department of Correction during the period of April 10–16.[2] (Compl. (Doc. No. 1) at 6).)[3] He states that the events giving rise to his claim occurred at the Anna M. Kross Center at Rikers Island. (*Id.*) In the space to provide the facts underlying the claim, Quince does not describe a specific incident, but alleges "guard brutality, offices use of chemical agent, medical care negligent injury or medical malpractice." (*Id.*) He alleges that he suffered a stomach infection,

---

[1] Although the caption indicates plaintiff's name as "Jamal Quince," subsequent references and the signature line indicate an alternate spelling of "Jamaal Quince."

[2] He does not indicate the year.

[3] All citations to pages of the complaint refer to the Electronic Court Filing System ("ECF") pagination.

asthma, and chronic rectal bleeding and that medical staff at the jail discontinued medication. (Compl. at 5.) Quince requests $9 million in damages. (*Id.*)

## STANDARD OF REVIEW

Title 28, section 1915(e)(2), of the United States Code provides that "the court shall dismiss the case at any time if the court determines that . . . the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

2

## DISCUSSION

Quince's complaint invokes his constitutional rights, a claim which may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

The only defendant named in this action is Rikers Island Correctional Facility, a division of the New York City Department of Correction ("NYC-DOC"), which is, in turn, an agency of the City of New York. The New York City Charter provides that suits must be brought against the City of New York and not its individual agencies. *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by

3

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Quince cannot substitute the City of New York as a defendant, because he does not allege any unconstitutional policy or custom attributable to the City of New York. Therefore, Quince's § 1983 claim against the NYC-DOC is dismissed for failure to state a claim upon which relief can be granted, 28 U.S.C. §1915(e)(2)(B)(ii), and the City of New York will not be substituted as a defendant.

In addition to naming an improper defendant, the complaint as submitted fails to comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure. The allegations of "guard brutality" and inadequate medical care are vague and unsupported by any factual details.

In light of this Court's duty to liberally construe *pro se* complaints, Quince is given 30 days leave to file an amended complaint. Quince is directed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations, including the dates and details of specific incidents. It must also name the individual defendants who are responsible for the alleged deprivation of Quince's rights and describe what each defendant did or did not do in violation of his rights. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). All proceedings shall be stayed for 30 days. If plaintiff fails to replead within 30 days as directed by this Order, judgment dismissing the complaint shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
October 25, 2017

5